```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


TIMOTHY N. TEW,

                    Plaintiff,

vs.                                    Case No.  2:06-cv-266-FtM-29DNF

ALAMO FINANCING, L.P., KEVIN SMIDDY,
JESSICA E. SMIDDY,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand for Lack of § 1332(A) Diversity Jurisdiction and Supporting Memorandum of Law (Doc. #24) filed on June 16, 2006.  Defendant Alamo Financing, L.P. filed its Response on June 29, 2006.  (Doc. #34.)

**I.**

In the Complaint filed in state court, plaintiff Timothy N. Tew alleged that he was involved in an accident caused by defendants Kevin Smiddy (Mr. Smiddy) and Jessica E. Smiddy (Ms. Smiddy).  At the time of the incident, plaintiff was operating a motorcycle and Ms. Smiddy operated a motor vehicle.  The motor vehicle was owned by defendant Alamo Financing L.P, (Alamo) and was rented to Mr. Smiddy, who gave Ms. Smiddy permission to operate the vehicle.  It is further alleged that plaintiff suffered bodily injury and property damage as a result of the accident.  (Doc. #2,

p. 2, ¶¶ 7-8.)  Plaintiff filed a one-count Complaint against defendants in state court.  With the consent of Mr. Smiddy, Alamo timely removed the action to federal court on May 26, 2006.  (Doc. #1-1.)  At that time, service had not been perfected on Ms. Smiddy. (Id.)  Plaintiff now moves to remand the action to state court and argues that the jurisdictional amount requirement has not been satisfied.

**II.**

Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding.  Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332.

Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants.  Riley v. Merrill Lynch, Pierce, Fenner & Smith, 292 F.3d 1334, 1337 (11th Cir.),

cert. denied, 537 U.S. 950 (2002); University of South Ala. v. American Tobacco, 168 F.3d 405, 412 (11th Cir. 1999). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242 (11th Cir. 2005)(citing 28 U.S.C. § 1332(c)(1)). There is no dispute in this case that the parties are of diverse citizenship. There is, however, a dispute concerning the sufficiency of the amount in controversy.

When the defendant removes a case from state court, and plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[R]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. When the jurisdictional amount is not facially apparent, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Moreover, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Id. at 1319-20; see also

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)(concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations").

### III.

Plaintiff argues that defendant did not meet its burden in showing that the amount in controversy exceeded $75,000.00 when defendant removed the matter from state court.  Defendant disagrees, noting that attorney's fees and costs pursuant to § 647.428 of the Florida Statutes are included in the amount in controversy.

In its Notice of Removal, defendant focused on plaintiff's assertions regarding damages.  The Complaint in this case alleges three categories of damages.  First, plaintiff alleges that he "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition.  These losses are either permanent or continuing and Plaintiff, Timothy N. Tew, will suffer the losses in the future."  (Doc. #2, ¶ 7.)  Second, plaintiff claims "severe damage" to his motorcycle and damages for the loss of use of the motorcycle. (Doc. #2, ¶ 8).  Finally, plaintiff seeks costs and pre-judgment interest.  (Doc. #2, p. 3).  Based on plaintiff's assertions, defendant concludes

that "[s]uch dramatic allegations would support a potential award in excess of $75,000." (Doc. #1-1, pp. 4-5, ¶ 13.)  However, without additional facts regarding the damages, defendant has not shown by a preponderance of the evidence that the jurisdictional amount is satisfied.  The costs and property damage which defendant itemized in the Response total $26,300.00.  There is no evidence showing that plaintiff's alleged medical expenses and lost wages total $48,700.00 or more.  Additionally, the lack of a stipulation limiting the total amount of damages to below $75,000.00 is inconsequential when considering whether removal was proper.  The Court concludes that defendant has not carried its burden in demonstrating that the Court has subject matter jurisdiction.  Thus, the Motion to Remand is due to be granted.

The Court notes that plaintiff's counsel asserts that the language describing damages was "standard language" in the Complaint (Doc. #2, p. 2), and even he knows little about the damages in the case.  Defendant contends that the standard language should be sufficient to establish the requisite subject matter jurisdiction.  The Court, however, disagrees with defendant, and finds that plaintiff's invocation of "standard language" does not generally satisfy the jurisdiction amount requirement.  As such, the Court is not inclined to base its subject matter jurisdiction on these few words without additional facts.  While the Court concludes that subject matter jurisdiction does not exist at the time of removal, the Court notes that the removal statute allows

defendant to remove an action to federal court "within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. § 1441(b).

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion to Remand for Lack of § 1332(A) Diversity Jurisdiction (Doc. #24) is **GRANTED.**

2.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3.  The Clerk is **directed** to close this case and terminate all previously scheduled deadlines and pending motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of August, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD